## Sechler v. Sechler

*Jon A. Barkman,* for plaintiff.
*David J. Flower,* for defendant.

COFFROTH, *P.J.*, May 2, 1983 — In this action for support, a support order was made for plaintiff wife after departmental conference in the amount of $300 per month, from which defendant husband brought the case to the court on his written demand for court hearing. See Pa.R.C.P. 1910.11(f). The sole issue raised is whether the wife is entitled to support from the husband in light of his claim that she refused to allow him back in the marital home after he was hospitalized for several days. Plaintiff wife testified that she is physically unable any longer to take care of defendant and for that reason he was taken by his family to his own home after the hospitalization.

This is a second marriage for both parties, contracted approximately nine years ago; plaintiff is 66 years old and defendant husband is 74 years old, and each has children to the prior marriage. Both are in bad health and each owns a home.

Immediately prior to the separation, the parties lived together in the wife's home; then the husband

was hospitalized for illness for several days, the wife informed the husband's family that she was physically unable to care for him any longer, and as a result, upon his discharge from the hospital, his grandson took him to the grandson's home for a brief period, and later placed him in his own home where he now lives. Plaintiff wife has not invited him back to the home only because her physical condition disables her from giving him necessary care, and there is no credible evidence that she refused to allow him to return. Defendant husband's testimony is consistent with that view of the case. Moreover, he testified that he did *not* "want to go back to live in her house" but that "she's welcome to come [live in his house] any time".

The credible record evidence substantiates plaintiff's claim of disability for herself and of defendant's poor physical condition and disability (including incontinence which requires much personal care and attention), and we resolve issues of credibility in her favor. Both are presently cared for by their own family members.

We find that plaintiff did not bar defendant from the marital home, and that she has not acted wilfully or unreasonably in bringing about the separation. It is a tragic situation when spouses are debilitated by old age and infirmities and cannot care for one another or arrange for family care in a single home. Sometimes separate accommodations are the most reasonable response to such a situation, as where one must go to a nursing home or elsewhere. Here both can function in their own homes without such placement, with the help of their own separate family members who have recognized the situations and have been cooperative. The law must be flexible enough to meet such conditions in a practical way, without always insisting on the ideal model of

cohabiting spouses as a condition of the financial support obligation.

There is no good reason why the parties should not continue to fulfill their obligations of financial support to each other to the best of their abilities. In our judgment a support order is warranted in this case.